Lowell W. Finson, CA Bar #275586
**PHILLIPS LAW FIRM**
2101 Rosecrans Avenue, Suite 3290
El Segundo, CA 90245
Tel: (877)480-9142 / Fax: (213)330-0346
lowell@justiceforyou.com

J. Paul Sizemore, CA Bar #254981
Jaime E. Moss, CA Bar #285761
**SIZEMORE LAW FIRM, PLC.**
2101 Rosecrans Avenue, Suite 3290
El Segundo, CA 90245
Tel:(310) 322-8800 / Fax: (310) 322-8811
paul@sizemorelawfirm.com
moss@sizemorelawfirm.com

Scott M. Hendler (TX Bar # 09445500)
(*pro hac* to be filed)
Sean Lyons (TX Bar # 00792280) (*pro hac* to be filed)
**HENDLER LAW, PC**
Park Terrace
1301 W. 25th Street, Suite 400
Austin, TX 78705
Telephone:  (512) 439-3200
shendler@hendlerlaw.com
slyons@hendlerlaw.com

Michael J. Brickman (SC Bar # 000874)
(*pro hac* to be filed)
Kimberly Keevers Palmer (SC Bar #
66496) (*pro hac* to be filed)
Nina Fields Britt (SC Bar # 68294) (*pro hac* to be filed)
**RICHARDSON, PATRICK,
WESTBROOK & BRICKMAN, LLC**
1017 Chuck Dawley Boulevard
Post Office Box 1007
Mt. Pleasant, South Carolina 29464
Telephone:  (843) 727-6500
mbrickman@rpwb.com
kkeevers@rpwb.com
nfields@rpwb.com

*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE KAPULE ENTENDENCIA, WILLIAM SYLVA, and MARC SYLVA, as surviving statutory beneficiaries for the wrongful death of VIOLET GERTRUDE ENTENDENCIA, deceased, individually ) ) ) ) ) ) | Case No. 2:14-cv-01028-MWF-SS<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF** |

1

| | |
|---|---|
| 1   and on behalf of all other heirs of<br>2   decedent; DAVID MCINTYRE, as<br>    surviving statutory beneficiary for the<br>3   wrongful death of ELIZABETH<br>    MCINTYRE, deceased, individually and<br>4   on behalf of all other heirs of decedent, | **LOWELL FINSON; [PROPOSED<br>ORDER]**<br><br>Date:   March 24, 2014<br>Time:  10:00 a.m.<br>Judge: Hon. Michael W. Fitzgerald<br>Courtroom: 1600-17th Floor |

1   and on behalf of all other heirs of
2   decedent; DAVID MCINTYRE, as
   surviving statutory beneficiary for the
3   wrongful death of ELIZABETH
   MCINTYRE, deceased, individually and
4   on behalf of all other heirs of decedent,

5             Plaintiffs,

6   v.

7   FRESENIUS USA, INC., FRESENIUS
8   USA MANUFACTURING, INC.,
   FRESENIUS MEDICAL CARE
9   HOLDINGS, INC., FRESENIUS
   MEDICAL CARE NORTH AMERICA,
10   INC., FRESENIUS USA MARKETING,
   INC., WALTER L. WEISMAN, BEN
11   LIPPS, JOHN DOES, MEDICAL
12   DIRECTORS, and DOES 1-100
   INCLUSIVE,
13

14            Defendants.

15

**TO ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:**

     **PLEASE TAKE NOTICE** that on March 24, 2014 at 10:00 a.m. in Courtroom 1600-17th Floor of the above-entitled Court located at 312 North Spring Street Los Angeles, California 90012-4701, Plaintiffs will and hereby moves, pursuant to 28 U.S.C. § 1447(c), for an order remanding this civil proceeding to Superior Court of California, for the County of Los Angeles.

     This motion to remand to the Los Angeles Superior Court is made on the grounds that (1) this Court lacks subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because there is incomplete diversity between the Plaintiffs and Defendants; (2) Plaintiffs have pled sufficient facts to meet their initial pleading burden; (3) Defendant Fresenius USA, Inc.'s ("FUSA") principal place of business is in California, which destroys complete diversity; (4) Walter Weisman ("Weisman") was properly joined and

thus is not diverse from the California Plaintiffs; (5) Plaintiffs' Complaint alleges state tort law claims; (6) the "Forum Defendant Rule" under 28 U.S.C. § 1441(b)(2), precludes removal of this case; (7)  fraudulent misjoinder is not a viable basis upon which to remove this case; and  (8) Defendants have not met their heavy burden of removal.

This Motion is based on this Notice, the Memorandum of Points and Authorities set forth below with Exhibits attached, and the Declaration of Lowell Finson, and the Complaint on file in this action, and upon any other evidence and oral argument before this Court at the hearing on this matter.

This Motion is made following the meet and confer pursuant to Local Rule 7-3, which took place on February 13, 2014.  Defendants indicated they intend to oppose remand.

DATE:  February 20, 2014

Respectfully submitted,

/s/ Lowell W. Finson
Lowell W. Finson (SBN 275586)
**PHILLIPS LAW FIRM**
2101 Rosecrans Avenue, Suite 3290
El Segundo, CA 90245
Tel: (877) 480-9142
Fax: (213) 330-0346
lowell@justiceforyou.com

# **TABLE OF CONTENTS**

I.     INTRODUCTION ........................................................................................... 1

   A.  PROCEDURAL BACKGROUND ................................................... 1

   B.  THE NOTICE OF REMOVAL IS SUBSTANTIALLY INCORRECT ...................... 3

II.    FACTUAL BACKGROUND ......................................................................... 6

   A.  Plaintiffs Were All Victims Of The Alleged Actions Of Defendant Weisman and Ben Lipps ...................................................................................... 6

   B.  Plaintiffs Were Also Victims Of Defendant FUSA, Which Is A Citizen Of California .. 7

III.   LEGAL ANALYSIS ..................................................................................... 8

   A.  To Show Fraudulent Joinder, Fresenius Must Prove By Clear And Convincing Evidence That There Is "No Possibility" That Plaintiffs Can Prevail Against Defendants FUSA And Weisman Under California Law. .................................................. 8

   B.  California's Choice Of Law Rules Dictate California Law Applies To Plaintiffs' Claims And Defendant Weisman Is Not Fraudulently Joined. ............................... 10

   C.  Defendant Weisman and Lipps As  Directors are Liable Under California ............... 11

      1.  Generally pled  allegations are sufficient ................................... 11

      2.  Defendant Weisman can be liable based upon the pleadings ........... 11

      3.  Weisman can be liable under California law ............................. 12

      4.  Defendant Ben Lipps can be liable based upon the pleadings ......... 16

      5.  Lipps' Affidavit does not support removal ............................... 17

   D.  Defendant  FUSA Is  Strictly Liable under California law ............................ 17

IV.   FRAUDULENT MISJOINDER IS INAPPLICABLE ................................ 18

   A.  Plaintiff David McIntyre's Claims Are Properly Joined and Severance is Inappropriate ............................................................................... 18

   B.  The Ninth Circuit Has Not Adopted The Fraudulent Misjoinder Doctrine and Misjoinder Matters Should Be Decided In the State Court ............................... 20

V.    CONCLUSION .......................................................................................... 24

# TABLE OF AUTHORITIES

**Cases**

*Accuimage Diagnostics Corp. v. Terarecon, Inc.,*
   260 F Supp 2d 941 (ND Cal 2003)........................................... 14

*Adams v. I-Flow Corp.,*
   2010 U.S. Dist. LEXIS 33066, 8 (C. D. Cal. 2010) ..................... 20

*Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co.,*
   600 F.2d 15, 16 & n. 1 (5th Cir.1979)..................................... 18

*Bay Summit Community Ass'n v. Shell Oil Co.,*
   51 Cal. App. 4th 762 (1996) ............................................... 15

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ......... 11

*BGC Partners, Inc. v. Avison Young (Canada), Inc.,*
   919 F.Supp.2d 310 (S.D.N.Y. Jan 18, 2013) (NO. 12 CIV. 6680 SAS) ..... 23

*Bostick v. Flex Equipment Co.,*
   54 Cal. Rptr.3d 28 (Ca. App. Ct., 2d District, 2007)..................... 10

*Boyer v. Snap-On Tools Corp.,*
   913 F.2d 108, 112 (3d Cir. 1990) ......................................... 10

*Brown v. Brown & Williamson Tobacco Corp.,*
   26 F. Supp. 2d 74, 77 (D.D.C. 1998).................................... 8

*Browning-Ferris Indus. of Illinois, Inc. v. Ter Maat,*
   195 F3d 953 (CA7 1999).................................................. 14

*Caouette v. Bristol-Myers Squibb Co.,*
   2012 WL 3283858 (N.D.Cal.), 7 (N.D.Cal.,2012) ..................... 21

*Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.,*
   173 F3d 725 (CA9 1999)................................................. 14

*Cody F. v. Falletti,*
   92 Cal. App. 4th 1232, 112 Cal. Rptr. 2d 593 (1st Dist. 2001).......... 12

*Colee v.DePuys Orthopaedics, Inc.,*
   CV12-3447 (C.D. Cal. April 26, 2012) ........................................................ 9

*Conte v. Wyeth, Inc.,*
   168 Cal. App. 4th 89, 101 (2008) ............................................................... 12

*Dodson v. Spiliada Maritime Corp.,*
   951 F.2d 40, 42 (5th Cir. 1992) ................................................................... 8

*Dodson v. Spiliada Martime Corp.,*
   951 F.2d 40, 42-43 (5th Cir. 1992) .............................................................. 8

*Doe v. CBS Broadcasting, Inc.,*
   2004 WL 1586409 (S.D.N.Y. Jul 15, 2004) (NO. 04 CIV. 312 (SAS) ....................................... 23

*Federal Insurance Company v. Tyco International Ltd.,*
   422 F.Supp.2d 357 (S.D.N.Y. Mar 21, 2006) (NO. 04-CV-9086(KMK) ...................................... 23

*Fifty Assocs. v. Prudential Ins. Co. of Am.,*
   446 F.2d 1187, 1190 (9th Cir.1970) ............................................................ 18

*Frances T. v. Village Green Owners Ass'n,*
   42 Cal 3d 490, 229 Cal Rptr 456, 723 P2d 573 .................................................. 14, 15

Geffen v. General Elec. Co.,
   575 F.Supp.2d 865 (N.D.Ohio Sep 12, 2008) (NO. 2:08-CV-1110-SGL, MDL NO. 1:08-GD-5021) ............................................................................... 22

*Gloster Lumber Co. v. Wilkinson,*
   118 Miss 289, 79 So 96 ...................................................................... 14

*Goldberg v. CPC Intern, Inc.,*
   495 F. Supp. 233, 239 (N.D.Ca. 1980) ......................................................... 10

*Gonzalez, et al.  v. Medtronic, et al.*
   No. 2:12-cv-09592-DMG (C.D. Cal February 14, 2013) ........................................... 11

*Goodwin v. Kojian,*
   2013 WL 1528966 (C.D.Cal.), 4 (C.D.Cal., 2013) .............................................. 21

*Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.,*
   390 F.3d 400, 405 (5th Cir. 2004) ............................................................. 9

*Green v. Amerada Hess Corp.,*
   707 F.2d 201, 205 (5th Cir. 1983) ............................................................... 8

*Hamilton Materials, Inc. v. Dow Chemical Corp.,*
   494 F.3d 1203, 1206 (9th Cir. 2007) ........................................................... 9

*Hertz Corp. v. Friend*,
   559 U.S. 77, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010) ........................... 18

*Hunter v. Philip Morris USA,*
   582 F.3d 1039, 1042 (9th Cir. 2009) ........................................................... 8

*I.L, a minor v. Pfizer*
   2:13-cv-02578 ...................................................................................... 9, 10

*In re Avandia Marketing, Sales Practices and Prods. Liability Litig*., 624 F. Supp.2d 396, 411
   (E.D.Pa. 2009) ............................................................................................ 10

*In re Diet Drugs Prods. Liab. Litig*.,
   294 F. Supp 2d 667, 679 (E. D. Pa. 2003)................................................. 20

*In re Fosamax Prods. Liability Litig*,
   MDL No. 1789, 2008 WL 2940560, at *3 (S.D.N.Y. July 29, 2008)........... 10

*In re Maxim Integrated Products, Inc., Deriv. Lit.,*
   574 F. Supp. 2d 1046 (N.D. Cal. 2008)...................................................... 13

*In re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation,*
   779 F.Supp.2d 846 (S.D.Ill. 2011) ............................................................ 22

*J.C. ex rel. Cook v. Pfizer, Inc*.,
   2012 WL 4442518 (S.D.W.Va. Sep 25, 2012)........................................... 23

*Jernigan v. Ashland Oil Co.,*
   989 F.2d 812, 815-816 (5th Cir. 1993)........................................................ 8

*Jiminez v. Sears, Roebuck & Co.,*
   4 Cal. 3d 379, 387 (1971) .......................................................................... 12

*Johnson v. Glaxo Smith Kline,*
   214 F.R.D. 416 (S.D.Miss. Mar 29, 2002) (NO. 01-CV-160) ................... 22

*Kasel v. Remington Arms Co.*
   (1972) 24 Cal. App. 3d 711, 724 ............................................................... 15

*Kemp v. Metabolife Intern., Inc.*,
   2003 WL 22272186 (E.D.La. Oct 01, 2003) (NO. CIV.A. 00-3513) ........................................ 23

*Kovich v. Paseo Del Mar Homeowners' Assn.*,
   41 Cal. App. 4th 863, 48 Cal. Rptr. 2d 758 (2d Dist. 1996) ...................................... 13

*Kovich v. Paseo Del Mar Homeowners' Assn.*,
   41 Cal. App. 4th 863, 48 Cal. Rptr. 2d 758 (2d Dist. 1996). ..................................... 13

*Leyse v. Domino's Pizza LLC*,
   2004 WL 1900328 (S.D.N.Y. Aug 24, 2004) (NO. 04 CIV. 2411 (HB) ...................................... 23

*Lieberman v. Meshkin, Mazandarani*,
   1996 U.S. Dist. LEXIS 18689 at *9 (N.D. Cal. 1996) ....................................... 8

*Maxton v. Western States Metals*,
   203 Cal.App.4th 81, 136 Cal.Rptr.3d 630,Cal.App. 2 Dist., 2012........................ 18

*Mendez, et al., v. AstraZeneca Pharmaceuticals LP, et al*
   No. 1:12-cv-00535-LJO-DLB (E.D. Cal May 25, 2012) ....................................... 9

*Merrill v. Navegar, Inc.*,
   26 Cal. 4th 465, 479 (2001)......................................... 12

*Michaelis v. Benavides*,
   61 Cal App 4th 681, 71 Cal Rptr 2d 776 (1998) ...................................... 14

*Michaelis v. Benavides, supra; In re Bybee*,
   945 F2d 309 (CA9 1991)........................................ 14

*Nestande, et al., v. AstraZeneca Pharmaceuticals LP, et al*
   No. 5:12-cv-00495-GAF-JEM (C.D. Cal June 5, 2012) ....................................... 9

*Norris, et al., v. AstraZeneca Pharmaceuticals LP, et al*
   No. 3:12-cv-00836-JM-BLM (S.D. Cal May 30, 2012) ...................................... 9

*Osborn v. Metropolitan Life Ins. Co.*,
   341 F.Supp.2d 1123, 1126 (E.D.Cal., 2004) ...................................... 21

*Pampillonia v. RJR Nabisco, Inc.*,
   138 F.3d 459, 461 (2nd Cir. 1998) ....................................... 9

*People v. Roscoe*,
   169 Cal. App. 4th 829, 87 Cal. Rptr. 3d 187 (3d Dist. 2008) ..................................... 13

Perry v. Luu,
   2013 WL 3354446 (E.D.Cal.), 5 (E.D.Cal.,2013) ........................................................ 21

*Pike v. Frank G. Hough Co.,*
   2 Cal. 3d 465, 474 (1970) ........................................................................................ 12

*PMC, Inc. v. Kadisha,*
   78 Cal. App. 4th 1368, 93 Cal. Rptr. 2d 663 (2d Dist. 2000) ................................ 13

*Quinn v. Contract Transp. System Co.,*
   2013 WL 1702640 (E.D.Pa. Apr 18, 2013) (NO. CIV.A. 12-2152) ........................ 23

*Ritchey v. Upjohn Drug Co.,*
   139 F.3d 1313, 1318-1319 (9th Cir. 1998) .................................................................. 8

*Rivera, et al., v. AstraZeneca Pharmaceuticals LP, et al.*
   No. 2:12-cv-02921-GAF-JEM (C.D. Cal June 5, 2012) ............................................ 9

*Robinson v. Geithner,*
   2011 U.S. Dist. LEXIS 2054, 12 (E. D. Cal. 2011) ......................................... 19, 20

*Rowland v. Christian,*
   69 Cal. 2d 108, 112 (1968) ...................................................................................... 12

*Rutherford v. Merck & Co., Inc.,*
   428 F.Supp.2d 842 (S.D.Ill. Apr 21, 2006) (NO. CIV. 06-159-GPM) ................... 22

*S.E.C. v. Leslie,*
   2010 WL 2991038 (N.D.Cal.), 4 (N.D.Cal.,2010) ................................................... 19

*Selman v. Pfizer, Inc.,*
   2011 WL 6655354 (D.Or.), 12 (D.Or., 2011) ..................................................... 19, 21

*Shelton v. DePuy Orthopaedics, Inc.,*
   No. CV11-08082, 2011 U.S. Dist. LEXIS 138246 (C.D. Cal. Dec. 1, 2011)............... 9

*Simard v. Lacrimedics, Inc.,*
   342 F.Supp.2d 845 (D.Ariz. Aug 12, 2004) (NO. CV-03-1864-PHX-ROS)............... 22

*Torchlight Loan Services, LLC v. Column Financial, Inc.,*
   2013 WL 3863887 (S.D.N.Y. Jul 24, 2013) (NO. 12 CIV. 8579 RWS)  HN: 5 (F.Supp.2d). .... 23

*Vacco Industries, Inc. v. Van Den Berg,*
   5 Cal App 4th 34, 6 Cal Rptr 2d 602 (1992) .................................................. 14

*Walker, et al., v. AstraZeneca Pharmaceuticals LP, et al.*
   *No. 5:12-cv-00493-GAF (C.D. Cal June 5, 2012)* ......................................... 9

*Wyatt v. Union Mortgage Co.,*
   24 Cal. 3d 773, 157 Cal. Rptr. 392, 598 P.2d 45 (1979) ............................. 13

**Rules**
28 U.S.C. § 1332 .................................................................................... 2, 24
28 U.S.C. § 1441(b) ...................................................................................... 2
28 U.S.C. § 1441(b)(2) ................................................................................. 2
Fed. Prac and Proc § 1208 n. 12 (3d ed. 2004) ......................................... 24


**Other Authorities**
Cal. Civ. Code § 1714(a) (2012) ............................................................... 18

# I.    INTRODUCTION

## A. PROCEDURAL BACKGROUND

On January 9, 2014, Plaintiffs sued several entities in California State Court for their injuries caused by Granuflo, a product used during dialysis. The Granuflo product is manufactured, marketed, sold and warranted by the Fresenius group of entities.

The Fresenius defendants (referred to jointly as "Fresenius" or "Defendants") sued in State court include Fresenius USA ("FUSA"), a Massachusetts Corporation with its principal place of business in California, and Walter Weisman and Ben Lipps who are both California citizens.  Other Fresenius defendants named in the complaint are FRESENIUS USA, INC.; FRESENIUS USA MANUFACTURING, INC.; FRESENIUS MEDICAL CARE HOLDINGS, INC.; FRESENIUS MEDICAL CARE NORTH AMERICA, INC.; FRESENIUS USA MARKETING, INC. (collectively "Fresenius" or "Defendants").

Defendant FUSA, located in Walnut Creek, California, produced, marketed, promoted, sold, warranted and caused Granuflo to enter the stream of commerce. Defendant Weisman, a Los Angeles resident, is a key member of the Board of Directors, having supervisory authority over Granuflo and the processes that caused Plaintiffs' injuries. Defendant Ben Lipps, a resident of Orange County in the State of California, served as the chief executive officer of Fresenius Medical Care and as chairman of its management board from 1999 through 2013.  He served as the chief executive officer of FMCNA from 1996 through 1999 and was chairman of FMCNA's board through 2013. Dr. Lipps was the chief executive officer of FUSA from 1985 through 1996.  He is now a consultant to Fresenius Medical Care and honorary chairman of the supervisory boards of Fresenius Medical Care. See copy of Benjamin Lipps: Executive Profile & Biography BusinessWeek is attached as **[Exhibit A].**

On February 10, 2014, the Fresenius Defendants removed Plaintiffs' California state court lawsuit to this Court. Since remand issues are to be determined by the Complaint filed in state court, and Defendant's Weisman, Lipps and FUSA are citizens of the State of California and were properly joined and served, removal was improper because there is

incomplete diversity under 28 U.S.C. § 1441(b).  In an attempt to avoid the fact there is incomplete diversity, Defendants claim that (a) Defendant Weisman's citizenship should be ignored because he was "fraudulently joined," (b) Defendants FUSA and Lipps are not citizens of the State of California, and (c) Plaintiff David McIntyre's claims are not properly joined. Defendants are factually and legally wrong in all respects.

In order to show that Defendant Weisman was "fraudulently joined," the moving party has the "heavy burden" to show, by clear and convincing evidence, with all disputed questions of fact and all ambiguities in the controlling state law in favor the non-removing party, that there is "<u>absolutely no possibility</u>" that the plaintiff will be able to establish a cause of action against the in-state defendants in state court. Defendants cannot meet this heavy burden because Plaintiffs have established multiple causes of action against Defendants Weisman and Lipps.

Defendant Weisman and Lipps are alleged to be key members of the Fresenius Board of Directors, having supervisory authority over, as well as actual involvement in, the negligent, careless, gross negligent, intentional and/or fraudulent actions that form the basis of this lawsuit.  Consequently, Defendants Weisman and Lipps are liable under California law under theories of a director's responsibility for their direct actions, thus not fraudulently joined and so this Court does not have jurisdiction over this action. No claims are alleged that they are in any way liable merely because of their titles. Defendants have claimed in the past that Lipps resides in Nevada. While Plaintiffs dispute that, the McIntyre Plaintiffs are Nevada residents, thus destroying complete diversity. Plaintiffs' remand motion should be granted and their case returned to California state court.

As to Defendant FUSA, its principal place of business is, and always was, in Walnut Creek, California. It's involvement in the actions forming the basis of this lawsuit, and joinder as a defendant, destroys complete diversity. Again, Plaintiffs' remand motion should be granted on this basis as well, and their case returned to California state court. Additionally, the Court should note there is a pending JCCP in California with nearly identical cases therein coordinated, yet Defendants did not remove those cases, even

though they rest on substantially the same allegations and include Defendants FUSA and Weisman. This would indicate the argument supporting removal herein is disingenuous and/or made with ulterior motives.

The only "novel" argument Defendants have latched onto is that the Court should ignore the joinder of the McIntyre Plaintiff. This approach, commonly referred to as "fraudulent misjoinder," is an argument that has never been adopted in California, or the Ninth Circuit. See discussion below of *Tapscott v. MS Dealer Serv. Corp.* 77 F.3d 1353 (11th Cir.1996). Plaintiffs' position is that this removal was "fraudulent." Even if *Tapscott* would apply, which it does not, the Court should not find that two plaintiffs' claims are wholly unrelated merely because they live in California and Nevada.

It should be noted that in the meet and confer prior to filing this Motion, Plaintiffs informed Defendants of the frailty of their argument by sending over a myriad of cases and treatises which indicated that the law and facts did not support removal. Plaintiffs requested Defendants provide any objectively reasonable basis to support removal, to which none was provided. When prompted again, Defendants did not agree to voluntarily stipulate to remand, so this Motion had to be filed.

## B. THE NOTICE OF REMOVAL IS SUBSTANTIALLY INCORRECT

For the purposes of this Motion to Remand, Plaintiffs specifically reply to the numbered allegations in the Notice of Removal.

1. While Plaintiffs admit an MDL was created as set forth, there is no mention of the JCCP in California being created, and assigned to the Honorable Lee Smalley Edmon, with the next status conference hearing set for March 26, 2014. The leadership group for the JCCP is in place and has engaged the Defendants in early Discovery/ESI/Privilege formats, wholly apart from any involvement in the MDL. Further, Plaintiffs and Defendants have had several meetings where we have discussed ways to coordinate our efforts to advise Judge Edmon that both sides intend to move the JCCP along in a cordial, but professional, manner.

2.  Plaintiffs admit this Complaint was filed on January 9, 2014. There are several complaints filed in the JCCP, with more being filed each day. Plaintiffs do not admit any Defendants named in this Complaint have been improperly named.

3.  Plaintiffs admit No. 3.

4.  Plaintiffs admit No. 4.

5.  Plaintiffs specifically deny this Court has subject matter jurisdiction, as Defendant FUSA has its principal place of business in Walnut Creek, California, (See **Exhibit B** attached with documentation that FUSA's own lawyers and officials have admitted in various courts throughout the nation that FUSA is headquartered in Walnut Creek, CA), Ben Lipps is a citizen of California, and Walter Weisman is properly joined.

6.  Plaintiffs admit No. 6.

7.  Plaintiffs admit No. 7.

8.  Plaintiffs admit No. 8.

9.  Plaintiffs admit No. 9.

10. Plaintiffs admit No. 10.

11. Plaintiffs admit No. 11.

12. Plaintiffs admit No. 12.

13. Plaintiff specifically denies that no Fresenius Defendants are citizens of California, Hawaii, or Nevada, as Defendant FUSA has its principal place of business in Walnut Creek, California, (See **Exhibit B** attached with documentation that FUSA's own lawyers and officials have admitted in various courts throughout the nation that FUSA is headquartered in Walnut Creek, CA).

14. Plaintiffs specifically deny that FUSA is not a California citizen for purposes of diversity jurisdiction, in light of the fact that Defendants have improperly claimed Fresenius USA, Inc. has its principal place of business is in Massachusetts, when in fact it is in California, but admit the corporation was incorporated in the state referenced in  No. 14. Plaintiffs admit that Fresenius USA, Inc. is organized under the laws of the State of

Massachusetts, but that at all times pertinent, has had its principal place of business in Walnut Creek, CA.

15. Plaintiffs can neither admit nor deny the principal place of business of any Fresenius entity in light of the fact that Defendants have improperly claimed Fresenius USA, Inc. has its principal place of business is in Massachusetts, when in fact it is in California, but admit the corporation was incorporated in the state referenced in  No. 16.

16. Plaintiffs can neither admit nor deny the principal place of business of any Fresenius entity in light of the fact that Defendants have improperly claimed Fresenius USA, Inc. has its principal place of business is in Massachusetts, when in fact it is in California, and there is no reason to believe this corporation's place of business is not in California, but admit the corporation was incorporated in the state referenced in No. 17.

17. Plaintiffs deny for want of knowledge, any Fresenius entity's principal place of business in light of the improper assertion by Defendants that FUSA's principal place of business is in Massachusetts, when in fact, it is in California. Plaintiffs have no reason to deny the allegations of the states of incorporation.

18. Plaintiffs admit No. 18.

19. Plaintiffs admit Defendant Weisman is a resident of California, but that fact alone, coupled with the allegations of the Complaint, make this fact dispositive of the fact there is incomplete diversity.

20. Plaintiffs admit that fraudulent joinder is the issue being raised by Defendants, but deny that the allegations of the Complaint indicate there is fraudulent joinder, as the law in the State of California is that a member of a board of directors can be liable, and the allegations so indicate.

21. Denied for the reasons in 20 above.

22. Denied for the same reasons as 20 above.

23. Denied as the incorporation of allegations, if reasonable, can certainly support Plaintiffs' right to remand.

24. Denied for the reasons in 20-23 above.

25. Denied, for the reasons in 20-23 above.

26. Denied, as that matter should be remanded.

27. Denied, for the reasons in 20-23 above.

28. Plaintiffs deny No. 28; Defendant Ben Lipps is a resident of the state of California.

29. Plaintiffs deny No. 29. Defendant Ben Lipps is a resident of the state of California for purposes of diversity jurisdiction.

30. Deny, for the same reasons in 28-29 above.

31. Deny, for the same reasons in 28-29 above.

32. Paragraphs 32-53 are denied, for the reasons set forth below, particularly in the "Fraudulent Misjonder" section below.

## II.   FACTUAL BACKGROUND
### A. Plaintiffs Were All Victims Of The Alleged Actions Of Defendant Weisman and Ben Lipps

Plaintiffs have the grave misfortune of being among the thousands of individuals whose kidney disease prompted them to go to dialysis clinics owned and operated by Defendants, and received the dialysate, known either as Granuflo or NaturaLyte, products manufactured, marketed, designed and sold by the Fresenius Defendants. As a result, some Plaintiffs died and/or suffered devastating cardiac events.

At all times pertinent, Defendant Weisman and Ben Lipps were key members of the Defendants' Board of Directors, having supervisory authority over the tortious actions, and knew of, yet ignored, the dangerous nature of these actions. The complete extent of Defendant Weisman's and Lipps' involvement is unknown, as that information is within the sole control of Defendants. However, there are ongoing discussions with defense counsel regarding discovery, ESI, and privilege orders in the California JCCP action and it is expected more information regarding Defendant Weisman and Lipps will soon come to light. What is known is that Defendant Weisman and Lipps are key members of the Defendants' Board of Directors, which has oversight responsibility for the Granuflo and Naturalyte failure to warn claims, among other things, as is set forth in Defendants 2012 Annual Report, and therefore can hardly be denied. [See portions of the 2012 Annual

Report documents attached as [**Exhibit C**]. Defendants argue that factually, Defendant Weisman is not directly involved in the alleged tortious acts; but that is wholly irrelevant in a remand setting, and frankly, unbelievable.

In the complaint, Plaintiffs incorporate many allegations of fault as set forth against *all* Defendants. Defendants' argument that only three allegations apply to Weisman is completely without merit. Defendant Weisman's key role as a supervisory Director is sufficient to allow his joinder to not be fraudulent.

### B. Plaintiffs Were Also Victims Of Defendant FUSA, Which Is A Citizen Of California

Defendants claim that Defendant FUSA is not a citizen of California because its principal place of business is in Massachusetts.  The evidence is overwhelming that FUSA's principal place of business is in Walnut Creek, California.

To begin with, Defendants' law firm, Fish & Richardson, has prosecuted and defended cases involving Defendant FUSA. On each occasion, the attorneys for FUSA alleged and/or admitted that FUSA's principal place of business was in Walnut Creek, California. [see pertinent pleadings of FUSA cases, attached as Exhibit B], as well as two cases signed by the *very same attorney* who prepared this Notice of Removal. [See Baxter and FUSA case pleadings signed by Juanita Brooks, attached as **Exhibit D**].

Defendants have indicated in their oppositions to other remand motions that their attorneys "made a mistake" when they indicated FUSA's principal place of business was in California. There is no mistake that when Defendants needed to have FUSA in California, they made that judicial admission.

The allegations are that Defendant FUSA was the manufacturer of key component parts in the dialysis process, and marketed, sold and warranted Granuflo. In a complaint filed by FUSA against a dialysis rival regarding patents, it is alleged that FUSA manufactures integral components of the dialysis process, which form the basis of the claims alleged by Plaintiffs here. [See Complaint attached as **Exhibit E**].

It is not reasonable for Defendants to argue FUSA is not a properly joined party, when the facts and their *own* pleadings indicate the opposite.

III.  **LEGAL ANALYSIS**

    A.  **To Show Fraudulent Joinder, Fresenius Must Prove By Clear And Convincing Evidence That There Is "No Possibility" That Plaintiffs Can Prevail Against Defendants FUSA And Weisman Under California Law.**

"The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009).  When removal is based on an allegation that an in-state defendant was "fraudulently joined," courts have repeatedly emphasized that the burden becomes a "heavy one." *Green v. Amerada Hess Corp.,* 707 F.2d 201, 205 (5th Cir. 1983); *Jernigan v. Ashland Oil Co.,* 989 F.2d 812, 815-816 (5th Cir. 1993).  Essentially, removal is not permitted where one of the properly joined defendants "is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b) (2012).

To show that a non-diverse defendant was fraudulent joined, "[t]he removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . . ." *Green v. Amerada Hess Corp.,* 707 F.2d 201, 205 (5th Cir. 1983)(emphasis added); *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir. 1992); *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318-1319 (9th Cir. 1998).  "Fraudulent joinder is not shown merely because the action is likely to be dismissed against the defendant. The standard is not whether plaintiffs will actually or even probably prevail on the merits but whether there is a possibility that they may do so." *Lieberman v. Meshkin, Mazandarani,* 1996 U.S. Dist. LEXIS 18689 at *9 (N.D. Cal. 1996) (emphasis added).  "Unless a state law claim is 'wholly nonsensical,' remand is the appropriate cause of action." *Brown v. Brown & Williamson Tobacco Corp.,* 26 F. Supp. 2d 74, 77 (D.D.C. 1998);

To satisfy its heavy burden, Fresenius's evidence must be "clear and convincing" with the court resolving "all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42-43 (5th Cir. 1992) (even "tenuous proposition" under state law

sufficient since its "modicum of sturdiness" passed possibility of recovery test); *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.,* 390 F.3d 400, 405 (5th Cir. 2004); *Hamilton Materials, Inc. v. Dow Chemical Corp.,* 494 F.3d 1203, 1206 (9th Cir. 2007)("defendant must support the allegations by producing "clear and convincing" evidence that joinder was sham or fraudulent"); *Pampillonia v. RJR Nabisco, Inc.,* 138 F.3d 459, 461 (2nd Cir. 1998)(same).

Fresenius cannot meet this heavy burden.  In fact, California Federal Courts have specifically denied similar attempts to remove arising from product liability claims.  When a California promoter was sued in the DePuy litigation, remand was granted.  *See Shelton v. DePuy Orthopaedics, Inc.,* No. CV11-08082, 2011 U.S. Dist. LEXIS 138246 (C.D. Cal. Dec. 1, 2011); *Colee v.DePuy Orthopaedics, Inc.,* CV12-3447 (C.D. Cal. April 26, 2012) In those cases, the court indicated remand was appropriate because the plaintiff might meet the elements for strict liability if the allegations create a plausible claim for relief against a viable defendant under settled California law.This is the tip of the iceberg of the myriad of cases were remand was granted in similar circumstances.

For example, in *Crestor Product Liability Cases*, JCCP No. 4713, prior to coordination, the defendants removed all California cases to Federal Court on the basis that McKesson, a distributor, was fraudulently joined.  *See* Order Remanding Case in *Rivera, et al., v. AstraZeneca Pharmaceuticals LP, et al.,* No. 2:12-cv-02921-GAF-JEM (C.D. Cal June 5, 2012) **[Exhibit F]**; Order Remanding Case in *Walker, et al., v. AstraZeneca Pharmaceuticals LP, et al., No. 5:12-cv-00493-GAF (C.D. Cal June 5, 2012)* **[Exhibit G]**; Order Remanding Case in *Nestande, et al., v. AstraZeneca Pharmaceuticals LP, et al.,* No. 5:12-cv-00495-GAF-JEM (C.D. Cal June 5, 2012) **[Exhibit H]**; Order on Motion to Remand in *Mendez, et al., v. AstraZeneca Pharmaceuticals LP, et al.* No. 1:12-cv-00535-LJO-DLB (E.D. Cal May 25, 2012), **[Exhibit I]**, and *Norris, et al., v. AstraZeneca Pharmaceuticals LP, et al.* No. 3:12-cv-00836-JM-BLM (S.D. Cal May 30, 2012) **[Exhibit J.]**

Another remanded case, *I.L, a minor v. Pfizer* 2:13-cv-02578 (C.D. Cal June 6, 2013) involving the SSRI drug Effexor, was originally filed in California State Court, naming

McKesson as the forum defendant. Defendants removed arguing McKesson was fraudulently joined. Plaintiffs filed a motion to remand. While Plaintiffs' opposed (Plaintiffs' Opposition To Motion To Stay), the parties subsequently filed a stipulation to stay the ruling on remand. The Court rejected the stipulation (Denial of Stipulation to Stay **[Exhibit K]**, and granted remand without a hearing. *See* Order Granting Remand **[Exhibit L]**. In a similar (Effexor) case, another motion to remand was granted in *A.S. a minor v. Pfizer 1:13-cv-00524* (E.D. Cal May 30, 2013). (See Order of Remand **[Exhibit M],** even though the parties stipulated to stay such ruling pending JPML action.  The Effexor cases say that even if the parties so stipulate, the Court will not refrain from ruling on subject matter jurisdiction.

### B. California's Choice Of Law Rules Dictate California Law Applies To Plaintiffs' Claims And Defendant Weisman Is Not Fraudulently Joined.

To "assess the quality of a claim in these regards, a district court must look to the requirements of state law.  The purpose of the doctrine of fraudulent joinder is to prevent a plaintiff from joining a non-diverse defendant 'with no real connection to the controversy' to defeat federal removal jurisdiction.'" *In re Avandia Marketing, Sales Practices and Prods. Liability Litig.*, 624 F. Supp.2d 396, 411 (E.D.Pa. 2009)(quoting *In re Fosamax Prods. Liability Litig*, MDL No. 1789, 2008 WL 2940560, at *3 (S.D.N.Y. July 29, 2008)). In similar circumstances, under the test established by the Third Circuit Court of Appeals, which is virtually identical to the Ninth Circuit, a finding of fraudulent joinder is appropriate "'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment. See, e.g., *Goldberg v. CPC Intern, Inc*., 495 F. Supp. 233, 239 (N.D.Ca. 1980)  If there is "'even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer v. Snap-On Tools Corp*., 913 F.2d 108, 112 (3d Cir. 1990).

The relevant law in California is that anyone who places products in the stream of commerce can be liable for injuries caused by a defective product.  See *Bostick v. Flex Equipment Co*., 54 Cal. Rptr.3d 28 (Ca. App. Ct., 2d District, 2007).

## C. Defendant Weisman and Lipps As  Directors are Liable Under California

### 1.  Generally pled  allegations are sufficient

Defendants cite *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), as the basis upon which this Court should measure the strength of the Complaint.  The problem is that since the Complaint was filed in California state court, due to incomplete diversity, *Twombly* does not apply.

As further explained below, in the event the Court decides to measure the complaint's allegations, the *Twombly* standard is met. Defendants' argument that the pleadings are insufficient would be futile.

Defendants argue it is inappropriate for Plaintiffs to make "generic" allegations against all "Defendants". That issue was recently decided by the Hon. Dolly Gee, in *Gonzalez, et al.  v. Medtronic*, et al. No. 2:12-cv-09592-DMG (C.D. Cal February 14, 2013) (see attached Order Granting Remand **[Exhibit N]**, where plaintiffs brought a device product liability suit against the manufacturer defendants and a promoter, Dr. Gary Michelson.  There, defendants opposed plaintiffs' motion to remand, asserting similar arguments (fraudulent joinder, allegations with insufficient factual basis, and improperly naming generic defendants). However, because defendants' argument centered on whether the plaintiffs sufficiently pled their causes of action, that Court said:

> "Besides the general use of the term 'Defendants' to encompass Michelson, only three factual allegations specifically pertain to Michelson in the SAC…Plaintiffs do assert, [in their motion to remand] however, a host of new factual allegations against Michelson in their motion… Therefore …this Court cannot find that Michelson was fraudulently joined…this Court lacks subject matter jurisdiction, and the case must be remanded to state court.

The Honorable Judge Gee found the facts in the complaint, as well as those added in the motion to remand, were sufficient to allow plaintiffs to amend their complaint, and thus remand was appropriate.

### 2.  Defendant Weisman can be liable based upon the pleadings

Defendants argue that only three paragraphs refer to Dr. Weisman. That is simply not true. Although plaintiffs are not required to plead with specificity, they do so, and the Complaint addresses Weisman in the following paragraphs, among other places: 17-19, 92-93, 164, 187, 246, 247.

The complaint further details Defendants' liability, including that of both Weisman and Lipps by defining "Defendants" and "Fresenius" to include ALL Defendants.

While the above facts more than satisfy the pleading requirements, Plaintiffs have gone outside the pleadings to flesh out the basis for making the general allegations. The allegations and the attached documentation are not deficient, and easily allow Defendant Weisman to form his defense.  He must counter the allegations that he had supervisory authority over the Granuflo issues, and could have prevented injuries caused by Granuflo.

### 3.  Weisman can be liable under California law

The next question is can Defendant Weisman be liable? California law is clear:  "In this state, the general rule is that all persons have a duty to use ordinary care to prevent others from being injured as the result of their conduct." *Rowland v. Christian,* 69 Cal. 2d 108, 112 (1968); Cal. Civ. Code § 1714(a) (2012).  It has also been established that an injured plaintiff can seek recovery in a products liability case either "on the theory of strict liability in tort or on a theory of negligence."  *Jiminez v. Sears, Roebuck & Co.,* 4 Cal. 3d 379, 387 (1971).  A plaintiff's negligence theory, of course, can be based on the negligent design of a product or failing to provide an adequate warning.  *Merrill v. Navegar, Inc.,* 26 Cal. 4th 465, 479 (2001); *Pike v. Frank G. Hough Co.,* 2 Cal. 3d 465, 474 (1970); *Conte v. Wyeth, Inc.,* 168 Cal. App. 4th 89, 101 (2008) (noting and explaining that duty to provide adequate warnings arises under both strict liability and negligence and that both are "separate and distinct bases for liability").

The same type of liability applies to a corporate director. Although like any other citizen, corporate officers have a societal duty to refrain from acts that are unreasonably risky to third persons.  *Cody F. v. Falletti,* 92 Cal. App. 4th 1232, 112 Cal. Rptr. 2d 593 (1st Dist. 2001). Directors are not personally liable to third persons for negligence

amounting merely to the breach of a duty that the officer owes to the corporation alone. *Kovich v. Paseo Del Mar Homeowners' Assn.,* 41 Cal. App. 4th 863, 48 Cal. Rptr. 2d 758 (2d Dist. 1996).   However, personal liability, if otherwise justified, may rest upon a conspiracy among officers and directors to injure third parties through the corporation. *Wyatt v. Union Mortgage Co.,* 24 Cal. 3d 773, 157 Cal. Rptr. 392, 598 P.2d 45 (1979).

The rule that an agent is liable for her or his own acts applies to officers and directors who act as agents of their corporation.   *PMC, Inc. v. Kadisha,* 78 Cal. App. 4th 1368, 93 Cal. Rptr. 2d 663 (2d Dist. 2000), as modified on denial of reh'g, (Apr. 7, 2000).

Although a corporate officer is not liable simply because of his or her position within the corporation, directors and officers are liable to the corporation and the stockholders for losses resulting from their malfeasance, misfeasance, or their failure or neglect to discharge the duties imposed by their offices. *In re Maxim Integrated Products, Inc., Deriv. Lit.,* 574 F. Supp. 2d 1046 (N.D. Cal. 2008).  However, since officers and directors are fiduciaries of a corporation, the duties that they owe with respect to the exercise of their legal power over corporate property supervene their legal rights, and therefore, they may be required to account for their stewardship over corporate property. *Id.*

The responsible corporate officer doctrine was developed to hold corporate officers in responsible positions of authority personally liable for violating strict-liability statutes protecting the public welfare. *See People v. Roscoe,* 169 Cal. App. 4th 829, 87 Cal. Rptr. 3d 187 (3d Dist. 2008). The responsible corporate officer doctrine is a common-law theory of liability separate from piercing the corporate veil or imposing personal liability for direct participation in tortious conduct.

Three essential elements must be satisfied before liability will be imposed upon a corporate officer under the responsible corporate officer doctrine: (1) the individual must be in a position of responsibility that allows the person to influence corporate policies or activities, (2) there must be a nexus between the individual's position and the violation in question such that the individual could have influenced the corporate actions that

constituted the violations, and (3) the individual's actions or inactions facilitated the violations. *Id.*

More specifically in regard to torts, it is the general rule that an individual is personally liable for all torts the individual committed, notwithstanding the person may have acted as an agent or under directions of another. *Vacco Industries, Inc. v. Van Den Berg,* 5 Cal App 4th 34, 6 Cal Rptr 2d 602 (1992). This rule applies to torts committed by those acting in their official capacities as officers or agents of a corporation. *Michaelis v. Benavides,* 61 Cal App 4th 681, 71 Cal Rptr 2d 776 (1998); *Vacco Industries, Inc., supra.* It is immaterial that the corporation may also be liable. *Vacco Industries, Inc., supra.*

Corporate officers are liable for their torts, although committed when acting officially. *Browning-Ferris Indus. of Illinois, Inc. v. Ter Maat,* 195 F3d 953 (CA7 1999); see *Frances T. v. Village Green Owners Ass'n,* 42 Cal 3d 490, 229 Cal Rptr 456, 723 P2d 573; *Michaelis v. Benavides, supra; In re Bybee,* 945 F2d 309 (CA9 1991) (CEO liable for unlawful acquisition of credit report); see also *Gloster Lumber Co. v. Wilkinson,* 118 Miss 289, 79 So 96. This rule applies even though the acts were performed for the benefit of the corporation and without profit to the officer personally. *Accuimage Diagnostics Corp. v. Terarecon, Inc.,* 260 F Supp 2d 941 (ND Cal 2003) (applying California law).

Corporate officers, charged in law with affirmative official responsibility in the management and control of the corporate business, cannot avoid personal liability for wrongs committed by claiming they did not authorize and direct what was done in the regular course of that business, with their knowledge and with their consent or approval, or such acquiescence on their part as warrants inferring such consent or approval. *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.,* 173 F3d 725 (CA9 1999).

However, more than mere knowledge may be required in order to hold an officer liable. *Accuimage Diagnostics Corp. v. Terarecon, Inc., supra.* The plaintiff must show some form of participation by the officer in the tort, or at least show that the officer directed, controlled, approved, or ratified the decision that led to the plaintiff's injury. *Id.* If an officer or director has constructive knowledge of the fraudulent acts, it may be

enough to attach personal liability. Personal liability attaches regardless of whether the breach was accomplished through malfeasance, misfeasance or nonfeasance.  *Id.; see Frances T. v. Village Green Owners Ass'n,* 42 Cal 3d 490, 229 Cal Rptr 456, 723 P2d 573; *Hardy v. Brock, supra.*  Plaintiff has sufficiently pled allegations against Weisman for individual director liability.

Defendant Weisman can also be held liable under a strict liability theory.  *Bay Summit Community Ass'n v. Shell Oil Co.,* 51 Cal. App. 4th 762 (1996), makes these principles clear. *See also Kasel v. Remington Arms Co.* (1972) 24 Cal. App. 3d 711, 724 (non-manufacturer defendant could be held strictly liable based on evidence that it received royalty payments).

In determining whether an entity involved in the marketing/distributing process should be held strictly liable for a defective product, California courts have developed a three-part test:

> A defendant involved in the distribution process has been held strictly liable if: (1) the defendant received a direct financial benefit from its activities and from sale of the product; (2) the defendant's role was integral to the business enterprise such that the defendant's conduct was a necessary factor in bringing the product to the initial consumer market; and (3) the defendant had control over, or a substantial ability to influence, the manufacturing or distribution process. *Bay Summit, supra* at 776.

Defendant Weisman's role as a supervisory director, and directly or tangentially involved in the marketing and promotion of Granuflo or NaturaLyte, satisfies all three of these factors and makes him strictly liable. His job as a director means he receives a direct financial benefit from the sale of Granuflo or NaturaLyte.  [See Ex. C, Weisman's position as a supervisory member of the Board of Directors].  Second, Defendant Weisman's supervision of marketing and promotion was a necessary and important factor in bringing Granuflo or NaturaLyte to market. *Id.* Finally, there can be little doubt that as a supervisory director, he would have the ability to influence the facts which give rise to this lawsuit.

In light of the fact that the role of supervisory director means Defendant Weisman would or should have had knowledge that the Defendants' dialysates were causing extraordinary high rates of sudden cardiac death and related injuries, such as the ones

suffered by Plaintiffs; he could have stopped this activity, but did not. Defendant Weisman is strictly liable to Plaintiffs given his role in promoting, marketing and endorsing the dialysates Granuflo and/or NaturaLyte.

While it is expected Weisman will claim to have no knowledge of the Granuflo issue, he was a member of the Supervisory Board, which as early as 2003, was informed of the company strategy to use Granuflo, a powder diasylate, by a Power Point presented to the Supervisory Board by Defendant Lipps.

Lastly, Defendants' assertion that Weisman is not a member of any of the named defendant companies is immaterial because he is being sued for individual director liability under traditional negligence theories.  Under an individual director liability action, the corporation need not be a party, even though the evidence indicates that the corporation had supervisory authority in the GranuFlo legal matters.

Lastly, Defendants' assertion that neither Weisman nor Lipps are members of any of the named defendant companies is immaterial because they are being sued for individual director liability under traditional negligence theories.  Under an individual director liability action, the corporation need not be a party, even though the evidence indicates that the corporation had supervisory authority in the GranuFlo legal matters.

In short, as key directors, Defendants Weisman and Lipps' potential liability is supported by the allegations and pertinent law.

### 4.  Defendant Ben Lipps can be liable based upon the pleadings

Initially, Plaintiffs reallege the legal arguments pertaining to Defendant Weisman above.  Defendants argue that Ben Lipps is a resident and citizen of Nevada, but ignore the strong evidence that he always has lived in California, including, but not limited to: his having been served in the recent past in other similar cases at his residence in Newport Beach, California; admitting that his wife, Jude Lipps, had considered California her home; several websites referencing Lipps' California addresses; his consulting business is located in California. *See* **Exhibit O**, Further in a deposition taken on taken September 26, 2005 in *Fresenius Medical Care Holdings, Inc., et al v. Baxter International, INC, et al* Case No.

03-01431, Lipps swore under oath, that he was a resident of Newport Beach, California. **[See Exhibit P]**

It should also be noted that Lipps divested himself of a substantial amount of stock between March and June 2011, which was approximately six months before a letter from Fresenius to its staff indicated that Granuflo was, in fact, misbranded, which caused the value of Fresenius stock to drop.  This is evidence that he, as Chairman of the Supervisory Committee, had inside knowledge of the imminent problems with Granuflo.  **[See Exhibit Q]**

### 5.  Lipps' Affidavit does not support removal

Lipps' self-serving affidavits are wholly meaningless in the remand context.  That he denies living in California in no way detracts from the sources Plaintiffs relied upon to conclude Lipps lives in California.  Further, Lipps has served as the Chairman of the Supervisory Committee of Fresenius, having supervisory and oversight responsibility over the GranuFlo legal issues.  **See** [Exhibit C] **excerpt from the Fresenius 2012 Report of the Supervisory Board.**  Even more importantly, Lipps' role regarding dialysis issues as his stint as Chairman of the Board of Directors, Chairman of the Management Board, as well as Honorary Chairman of the Supervisory Board, makes his involvement with the facts of this case quite clear.

It is highly inappropriate for Lipps to "manipulate" jurisdiction by telling this Court he does not live in California, but telling others he did. This is precisely the sort of problem courts find troubling, especially when the manipulators are counsel for parties whose domicile is being changed to fit the interests of those parties.

**D. Defendant  FUSA Is  Strictly Liable under California law**

Defendant FUSA has its principal place of business in California.  While it is unclear if Defendants are going to argue that even if FUSA is a citizen of California, it has no liability even accepting as true all the allegations of the Complaint, that is simply wrong. Even a component parts manufacturer can be liable for the defect in the part.  See *Maxton v. Western States Metals*, 203 Cal.App.4th 81, 136 Cal.Rptr.3d 630, Cal.App. 2

Dist., 2012. Here, the allegation is that FUSA manufactured, marketed, sold and warranted the dialysis machine, and the dialysates used, including Granuflo. See [**Exhibit R**]. Fresenius' Catalogue indicating the products it distributes and/or warrants, which includes many products which in whole or in part, caused the injuries and/or caused the products to be placed in the stream of commerce.  Thus, FUSA may be strictly liable.

There can be no serious question that FUSA is a citizen of the State of California. The federal diversity jurisdiction statute provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Given their limited jurisdiction, federal courts have repeatedly held that a complaint must include allegations of both the state of incorporation and the principal place of business of corporate parties. E.g., *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir.1970) (faulting plaintiffs' failure to affirmatively allege state of incorporation); *Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co*., 600 F.2d 15, 16 & n. 1 (5th Cir.1979) (per curiam) (failure to specifically allege state of incorporation and principal place of business); see also 5 Charles Alan Wright et al., Federal Practice and Procedure § 1208 n. 12 (3d ed. 2004) (listing cases requiring pleading of both state or states of incorporation and location of principal place of business). *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010). (Remand granted where defendants removed claiming the majority of business was done outside of California, but regardless of that statement, it appeared reasonable to conclude that because a substantial amount of business was done in California, and there was not one specific place that clearly was the "principal place of business", the principal place was in California). Here, when the Defendants themselves admit in pleadings, filings, etc., that the principal place of business is in California, as in *Hertz,* remand is appropriate.

## IV.    FRAUDULENT MISJOINDER IS INAPPLICABLE
### A. Plaintiff David McIntyre's Claims Are Properly Joined and Severance is Inappropriate

As a general matter, fraudulent misjoinder only applies where the claimants being joined are egregiously joined solely for the purpose of manipulating jurisdiction.

Under Rule 20(a)(1) of the Federal Rules of Civil Procedure (which is similar to California's rule), litigants may join in one action as plaintiffs if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all plaintiffs will arise in the action." Selman v. Pfizer, Inc., 2011 WL 6655354 (D.Or.), 12 (D.Or., 2011). In this circuit, Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *Id.* FRCP 21 provides "the court may also sever any claim against a party." Fed. R. Civ. P. 21. In doing so, the Court will consider (1) whether the claims arise out of the same transaction or occurrence, or series of transactions or occurrences, Fed. R. Civ. Pro. 20(a)(1); (2) whether the claims present some common question of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are requested for the separate claims. S.E.C. v. Leslie, 2010 WL 2991038 (N.D.Cal.), 4 (N.D.Cal.,2010).

Severance is inappropriate here because Plaintiffs' claims arise out of the same series of transactions. "For there to be transactional relatedness under Rule 20(a)(1)(A), the claim must arise out of the same…series of transactions." There is no bright line definition of "transaction" or "series," rather "courts assess the facts of each case individually to determine whether joinder is sensible in light of the underlying policies of permissive joinder." *Robinson v. Geithner*, 2011 U.S. Dist. LEXIS 2054, 12 (E. D. Cal. 2011).

Plaintiffs, based on information and belief, all suffered sudden cardiac death and/or severe arrhythmias while being dialyzed at clinics using Granuflo and/or Naturalyte. Defendants improperly assert that joinder of Plaintiffs' claims arise out of different transaction. In doing so, Defendants argue that because different doctors were involved

over different time periods, the claims do not arise out of the same series of transactions, In re Diet Drugs Prods. Liab. Litig., 294 F. Supp 2d 667, 679 (E. D. Pa. 2003).  In *In re Diet Drugs Prods. Liab. Litig.,* it should be noted that that court found that as the Complaint did not state the source of the drugs was a particular defendant, it required severance.  *Id.* at 678. That is not the situation here.

Defendants claim the California Plaintiff's claims are distinct from the Nevada Plaintiffs' claims, then conclude that severance is an appropriate matter for this Court. Defendants begin by citing  *Adams v. I-Flow Corp.*, 2010 U.S. Dist. LEXIS 33066, 8 (C. D. Cal. 2010)), where  plaintiffs "claim injury as a result of the unidentified pain pumps' administration of the unidentified anesthetics" against defendants generally without knowing which was the actual manufacturer. *Id.* That is not the same as several plaintiffs who claim substantially the same injuries from the products sold, manufactured, labeled, promoted, warranted, and/or marketed by the named Defendants.

Additionally, severance is inappropriate here because Plaintiffs' claims present common questions of fact.  In order for Plaintiffs to join their claims into one action, "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. Pro. 20(a)(1)(B). Rule 20 requires "only a single common question, not multiple questions…the common question may be one of fact or law and need not be the most important or predominate issue in the litigation."  *Robinson v. Geithner*, 2011 U.S. Dist. LEXIS 2054, 12 (E. D. Cal. 2011). Plaintiffs each assert claims injury resulting from Defendants' Granuflo and/or Naturalyte. Defendants manufactured, promoted, labeled, warranted, marketed and sold the product to Plaintiffs. The alleged cause of Plaintiffs' injuries is the use of Granuflo and/or Naturalyte, which presents a common causal link among Plaintiffs. Additionally, Defendants knew, or should have known, that Granuflo and/or Naturalyte was and is hazardous to human health.  These claims and allegations all lead to common questions of fact.

### B. The Ninth Circuit Has Not Adopted The Fraudulent Misjoinder Doctrine and Misjoinder Matters Should Be Decided In the State Court

Defendants claim that this Court should decide the issue of fraudulent misjoinder. However they fail to advise the Court that this should be decided by the state courts after remand, and at the least, until after subject matter jurisdiction is determined. "The Ninth Circuit has not adopted the fraudulent misjoinder doctrine." *Goodwin v. Kojian*, 2013 WL 1528966 (C.D.Cal.), 4 (C.D.Cal., 2013).

"Misjoinder of claims may be as fraudulent as joining defendant parties who have no real connection with the controversy." *Osborn v. Metropolitan Life Ins. Co.*, 341 F.Supp.2d 1123, 1126 (E.D.Cal., 2004). To resolve the question of fraudulent misjoinder, the court must first determine which joinder rule, state or federal, governs. Courts looking at this issue have applied the state rule, since the question is whether the parties were misjoined in state court. *Osborn v. Metropolitan Life Ins. Co.*, 341 F.Supp.2d 1123, 1128 (E.D.Cal., 2004). California law applies here.

"Even if the Ninth Circuit were to adopt the fraudulent misjoinder doctrine, it would not apply to these facts. In *Tapscott,* the Eleventh Circuit noted that the misjoinder was so *egregious* as to constitute fraudulent misjoinder." Goodwin v. Kojian, 2013 WL 1528966 (C.D.Cal.), 4 (C.D.Cal., 2013); Selman v. Pfizer, Inc., 2011 WL 6655354 (D.Or.), 12 (D.Or.,2011) ("Pharmaceutical Defendants have not established that Plaintiffs fraudulently or egregiously misjoined their claims."); Caouette v. Bristol-Myers Squibb Co., 2012 WL 3283858 (N.D.Cal.), 7 (N.D.Cal.,2012) (plaintiffs' misjoinder is not so egregious as to constitute fraudulent misjoinder); Perry v. Luu, 2013 WL 3354446 (E.D.Cal.), 5 (E.D.Cal.,2013).

The facts here distinguish it from *Tapscott*. First, here there are only six plaintiffs based on the death of two individuals who received GranuFlo, which does not constitute an "egregious joinder" of claims. Second, it cannot be said there is no real connection between the claims against all the Defendants, as they share common questions of fact and law. Plaintiffs' wrongful death product liability claims all stem from the use of GranuFlo, and much of the factual basis supporting these claims overlap. Third, Defendants were named in Plaintiffs' state court complaint. Fourth, joinder of the claims is permissible,

supports and expedites judicial economy, and will assist in the resolution of the claims because similar witnesses and documents will be required. Fifth, it cannot be said that Plaintiffs have so egregiously misjoined their claims that severance is the proper remedy.

Misjoinder matters should be left to the state courts. In rejecting the role of the Federal Judge in deciding misjoinder matters in a remand setting, the Hon. David Herndon recognized that to engage in that process would be a judicial expansion of the removal statutes, and these matter are to be left to the state courts. *In re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation*, 779 F.Supp.2d 846 (S.D.Ill. 2011).

Defendants argue, without citing any precedent in this jurisdiction, that Defendant Ben Lipps is not diverse from Plaintiff David McIntyre because they are both Nevada citizens, but that Mr. McIntyre's claims are not properly joined. Because the doctrine of fraudulent misjoinder does not even apply here at all, remand should be granted. Assuming, *arguendo*, that fraudulent misjoinder could apply here, this issue should not be decided by this Court, but rather it is a proper issue for the state court where this case was filed with common factual allegations against Defendant Ben Lipps. Nonetheless, the operative complaint clearly shows that all Plaintiffs' claims are based on the same factual background as it relates to the acts and omissions of Defendant Ben Lipps, not on the notion that the decedent Plaintiffs suffered different kinds of injuries. Defendants have not met their removal burden.

Defendants cite *In Re Rezulin*, and claim a majority of courts have adopted fraudulent misjoinder. However, a simple Westlaw search indicates the following courts have specifically rejected the *Rezulin* analysis. See Johnson v. Glaxo Smith Kline, 214 F.R.D. 416 (S.D.Miss. Mar 29, 2002) (NO. 01-CV-160); Simard v. Lacrimedics, Inc., 342 F.Supp.2d 845 (D.Ariz. Aug 12, 2004) (NO. CV-03-1864-PHX-ROS); Rutherford v. Merck & Co., Inc., 428 F.Supp.2d 842 (S.D.Ill. Apr 21, 2006) (NO. CIV. 06-159-GPM); Geffen v. General Elec. Co., 575 F.Supp.2d 865 (N.D.Ohio Sep 12, 2008) (NO. 2:08-CV-1110-SGL, MDL NO. 1:08-GD-5021); Federal Insurance Company v. Tyco International

Ltd., 422 F.Supp.2d 357 (S.D.N.Y. Mar 21, 2006) (NO. 04-CV-9086(KMK); Kemp v. Metabolife Intern., Inc., 2003 WL 22272186 (E.D.La. Oct 01, 2003) (NO. CIV.A. 00-3513);  Doe v. CBS Broadcasting, Inc., 2004 WL 1586409 (S.D.N.Y. Jul 15, 2004) (NO. 04 CIV. 312 (SAS); Leyse v. Domino's Pizza LLC, 2004 WL 1900328 (S.D.N.Y. Aug 24, 2004) (NO. 04 CIV. 2411 (HB))   HN: 8,9 (F.Supp.2d); J.C. ex rel. Cook v. Pfizer, Inc., 2012 WL 4442518 (S.D.W.Va. Sep 25, 2012) (NO. 3:12-CV-04103, 3:12-CV-04105, 3:12-CV-04106, 3:12-CV-04108, 3:12-CV-04109, 3:12-CV-04110, 3:12-CV-04111, 3:12-CV-04112, 3:12-CV-04113);  BGC Partners, Inc. v. Avison Young (Canada), Inc., 919 F.Supp.2d 310 (S.D.N.Y. Jan 18, 2013) (NO. 12 CIV. 6680 SAS);  Quinn v. Contract Transp. System Co., 2013 WL 1702640 (E.D.Pa. Apr 18, 2013) (NO. CIV.A. 12-2152); Torchlight Loan Services, LLC v. Column Financial, Inc., 2013 WL 3863887 (S.D.N.Y. Jul 24, 2013) (NO. 12 CIV. 8579 RWS)  HN: 5 (F.Supp.2d).

Defendants cite *Diet Drugs*, *Baycol*, and *Rezulin* as being mainstream rulings.  A more recent decision by Hon. Richard Chambers in the Sertraline MDL discounted the reasoning of those cases simply because each had a component which clearly brought in causes of action that could not remotely relate to the drug in question.  J.C. ex rel. Cook v. Pfizer, Inc., 2012 WL 4442518 (S.D.W.Va. Sep 25, 2012).

Defendants cite Greene v. Wyeth, 344 F.Supp.2d 674, D. Nev., 2004 for the proposition that the Ninth Circuit has adopted fraudulent misjoinder as grounds to deny remand.  While that is plain wrong, the facts in Greene were that plaintiffs joined a medical malpractice claim and a sales representative as defendant, which seemed to the court to be fraudulent. That has absolutely *nothing to do* with this case, which does not join anyone not reasonably related to this case, but the claim is that joining an in state plaintiff is "egregious".  Can it be egregious to employ California's Rule 20 to join plaintiffs from California and Nevada? Hardly. Coughlin was a case where 49 illegal aliens claimed mistreatment by the INS.  That seems a far cry from a claim of a few people who claim these Defendants killed their family members.

## V.  CONCLUSION

In conclusion, Fresenius cannot meet its "heavy burden" of establishing, through clear and convincing evidence, that there is "no possibility" that Defendants Weisman, Lipps nor FUSA could be liable to Plaintiffs under California law.  More importantly, FUSA is a citizen of the State of California, and therefore removal based on complete diversity is unavailable irrespective of the citizenship and/or potential liability of Defendants Weisman and Lipps. Plaintiff David McIntyre's claims are not fraudulently misjoined, so incomplete diversity exists. Plaintiffs' remand motion, therefore, should be granted and the case returned to California State Court.

DATED:  February 20, 2014                    Respectfully submitted,

**PHILLIPS LAW FIRM**
By /s/ Lowell W. Finson
Lowell W. Finson
2101 Rosecrans Avenue, Suite 3290
El Segundo, CA 90245
Tel: 877-480-9142
Fax: 213-330-0346
lowell@justiceforyou.com

*Attorney for Plaintiffs*

24

**CERTIFICATE OF SERVICE**

☒    I hereby certify that on February 20, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

<u>/s/ Lowell W. Finson</u>