Lowell W. Finson, CA Bar #275586
**PHILLIPS LAW FIRM**
2101 Rosecrans Avenue, Suite 3290
El Segundo, CA 90245
Tel: (877)480-9142 / Fax: (213)330-0346
lowell@justiceforyou.com

J. Paul Sizemore, CA Bar #254981
Jaime E. Moss, CA Bar #285761
**SIZEMORE LAW FIRM, PLC.**
2101 Rosecrans Avenue, Suite 3290
El Segundo, CA 90245
Tel:(310) 322-8800 / Fax: (310) 322-8811
paul@sizemorelawfirm.com
moss@sizemorelawfirm.com

Scott M. Hendler (TX Bar # 09445500) (*pro hac* to be filed)
Sean Lyons (TX Bar # 00792280) (*pro hac* to be filed)
**HENDLER LAW, PC**
Park Terrace
1301 W. 25th Street, Suite 400
Austin, TX 78705
Telephone:  (512) 439-3200
shendler@hendlerlaw.com
slyons@hendlerlaw.com

Michael J. Brickman (SC Bar # 000874) (*pro hac* to be filed)
Kimberly Keevers Palmer (SC Bar # 66496) (*pro hac* to be filed)
Nina Fields Britt (SC Bar # 68294) (*pro hac* to be filed)
**RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC**
1017 Chuck Dawley Boulevard
Post Office Box 1007
Mt. Pleasant, South Carolina 29464
Telephone:  (843) 727-6500
mbrickman@rpwb.com
kkeevers@rpwb.com
nfields@rpwb.com

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE KAPULE ENTENDENCIA, WILLIAM SYLVA, and MARC SYLVA, as surviving statutory beneficiaries for the wrongful death of VIOLET GERTRUDE ENTENDENCIA, deceased, individually and on behalf of all other heirs of decedent ; DAVID MCINTYRE, as surviving statutory beneficiary for the wrongful death of ELIZABETH MCINTYRE, deceased, individually and on behalf of all other heirs of decedent,<br><br>Plaintiffs, | Case No. 2:14-cv-01028-MWF (SSx)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS'** ***EX PARTE*** **APPLICATION REGARDING STAYING THE HEARING ON REMAND**<br><br>Judge:  Hon. Jesus G. Bernal<br>Courtroom: 1 |

| | |
|---|---|
| 1 | v. ) |
| 2 | ) |
| | FRESENIUS USA, INC., FRESENIUS ) |
| 3 | USA MANUFACTURING, INC., ) |
| | FRESENIUS MEDICAL CARE ) |
| 4 | HOLDINGS, INC., FRESENIUS ) |
| 5 | MEDICAL CARE NORTH AMERICA, ) |
| | INC., FRESENIUS USA MARKETING, ) |
| 6 | INC., WALTER L. WEISMAN, BEN ) |
| 7 | LIPPS, JOHN DOES, MEDICAL ) |
| | DIRECTORS, and DOES 1-100 ) |
| 8 | INCLUSIVE, ) |
| 9 | Defendants. ) |
| 10 | ) |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

    Plaintiffs hereby respond and oppose Defendants' request in their *Ex Parte* Application Regarding the hearing on the Motion to Remand this case to Los Angeles Superior court.

    Defendants request that Plaintiffs' Motion to Remand be stayed because Judge Woodlock will render a decision on remand in the future. This case, while receiving a conditional transfer order, has not yet been set for hearing by the JPML nor coordinated in the MDL, so it would not be subject to the ruling at this time. Plaintiffs filed a Notice of Opposition to the conditional transfer order on February 19, 2014 Any decision by the JMPL does not necessarily apply to this action. Plaintiffs' Motion to Remand is currently set for hearing on March 24, 2014. Defendants' request should not be granted, nor considered in the least.

    In support of this Opposition to Defendants' Ex Parte Application, Plaintiffs respectfully present the following to the Court:

## I. **FACTUAL INTRODUCTION**

Defendants argue they need ex parte relief (a stay) of the remand hearing because the MDL court, *In re Fresenius/Naturalyte Dialysate Prods. Liab. Litig.*, already is considering these issues in *other cases*. However, this Court still retains jurisdiction over the pending matter, and could rule to have this case remanded back to Los Angeles Superior Court because it lacks subject matter jurisdiction as briefed in the Motion to Remand. More importantly, the issues now pending before the MDL Judge do not include the basic reason for the remand here, and that is the issue of "fraudulent misjoinder". No California case in the MDL involves the issue of fraudulent misjoinder, so no ruling by J. Woodlock would be dispositive.

Plaintiffs timely filed a Motion to Remand on February 20, 2014 seeking remand to Los Angeles Superior Court. Plaintiffs' Motion to Remand was made on the grounds that (1) the District Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332; (2) Plaintiffs have met their initial pleading burden; (3) FUSA's principal place of business is in California, which destroys complete diversity; (4) Weisman was properly joined and thus is not diverse from the California Plaintiffs; (5) Plaintiffs' Complaint alleges state tort law claims; (6) the "Forum Defendant Rule" (28 U.S.C. § 1441(b)(2)) precludes removal of this case; (7) Plaintiffs are not improperly joined; (8) Defendants have not met their heavy burden of removal.

On February 19, 2013 Plaintiffs challenged the JPML's conditional transfer of this case to the MDL and filed a Notice of Opposition [**see Exhibit A**]. Plaintiffs will file a Motion to Vacate CTO-40 with brief and support on or before March 5, 2014.

The Defendants argue that the reason for continuance of this Remand hearing is that Judge Woodlock is going to rule on substantially the same jurisdictional matters raised in

this case. That is simply incorrect, as this case will not be subject to the decision because a final transfer order has not been entered yet, and the legal issues (fraudulent misjoinder in this case) are not the same.

Furthermore, Defendants' argument is inappropriate because it directly contravenes what they told the JPML. To stay the remand hearing would improperly suggest to the JPML that this Court is deferring to them on jurisdiction decisions. The JPML does not rule on remand or motions to dismiss, as its scope of authority is only to decide where to send cases sitting before it. During the pendency of a transfer, the court in which the action was filed retains jurisdiction over the case.  See *In re Four Seasons Sec. Laws Litig.*, 362 F. Supp. 574 (J.P.M.L. 1973). Plaintiffs submit that under MDL rules and authority, the propriety of any transfer is capable of resolution only after a district court determines whether it has subject matter jurisdiction.

Not only is this improper, in the recent case in the Central District, *I.L, a minor v. Pfizer* 2:13-cv-02578, a similar request to continue was made.  The procedural history is illustrative. Simply, this was a case involving the SSRI medication Effexor, and was originally filed in California State Court, naming McKesson as the forum defendant. Defendants removed arguing McKesson was fraudulently joined. Plaintiffs filed a motion to remand (Plaintiffs' Motion To Remand attached as **Exhibit B**) arguing that the fraudulent joinder argument was incorrect.  Defendants opposed (Defendants' Opposition To Motion To Remand attached as **Exhibit C**), arguing there was no fraudulent joinder, which is very similar to the argument in this cases. Defendants filed a motion to stay (Defendants' Motion To Stay attached as **Exhibit D**) a ruling on remand, pending a decision by the Judicial Panel on Multidistrict Litigation on whether to send it to the MDL. While Plaintiffs' opposed (Plaintiffs' Opposition To Motion To Stay attached as **Exhibit E**) the stay, both parties subsequently filed a stipulation to stay (Joint Stipulation To Stay attached as **Exhibit F**), agreeing to suspend the ruling on remand.  The Court rejected the

stipulation (Denial Of Stipulation To Stay attached as **Exhibit G**), and granted remand without a hearing (Order Granting Remand attached as **Exhibit H**). Furthermore, in an associated case, another motion to remand was granted in the Central District (See Order of Remand and Decision attached hereto as **Exhibit I**).

Defendants' ex parte application is evidence of their repeated efforts to delay and engage in superfluous motion practice, and even if stipulated by both parties, is not a viable option. This Court should not refrain from ruling on a motion regarding the denial of subject matter jurisdiction.

Plaintiffs additionally point out that this case was improperly removed and jurisdiction is not proper before this Court. There is incomplete diversity, as Plaintiffs and Defendants reside in California; Defendant Walter Weisman is a properly joined party; Defendant Ben Lipps is a forum defendant; Defendant Fresenius USA, Inc. is a properly joined and served forum defendant. This case cannot be subjected to federal jurisdiction.

Based on the foregoing, Plaintiffs respectfully request this Court to essentially ignore the Ex Parte Motion as it pertains to continuing the remand hearing.

The Defendants certainly could have filed a motion to stay, as was done in *I.L, a minor v. Pfizer*, supra, but chose to rush the issue before the Court in a fashion which requires Defendants prove they are entitled to relief.

The GranuFlo cases previously filed in California State Court have been consolidated as GRANUFLO/ NATURALYTE CASES, JCCP 4749, and assigned to Honorable Judge Lee Smalley Edmon. Holding the remand hearing, and subsequently remanding this case back to state court will serve the interests of judicial efficiency and justice.

## II.  ARGUMENT

**A. The Motion Violates Local Rules**

As a general matter, in order to obtain this type of relief, the moving party must show (a) that the moving party's cause will be irreparably prejudiced if relief is not granted, and (b) that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *Mission Power Engineering Co. v. Continental Casualty Co.,* 883 F.Supp. 488, 492 (C.D.Cal.1995).

This Motion should be denied as it violates several local rules as well as this Court's rules Initially, L.R. 7-3 provides in pertinent part:

> …In all cases not listed as exempt…, counsel contemplating the filing of any motion shall first contact opposing counsel …at least seven (7) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

This Court's rules provide in pertinent part:

> 5. Ex parte applications are considered on the papers and are not usually set for hearing. Counsel's attention is directed to Local Rule 7-19. If counsel do not intend to oppose the ex parte application, counsel must inform the Courtroom Deputy Clerk by telephone.
> 6. Continuances and special requests must be approved by the Court, and will be granted only upon a showing of good cause. Counsel must make such requests in pleading form by submitting a stipulation and a proposed order to the clerk's office at least one week in advance. Refer to Local Rules 7-1 and 7-11 for proper format.

It is understood that Defendants argue they are entitled to emergency relief, but they have totally failed to indicate the nature of the "emergency" nor good cause for the Court to put off ruling.

**B. The Motion Has No Legal or Factual Basis**

The relief requested is a continuance of a jurisdictional motion in order to combine it with a motion to dismiss. In order to stay the remand hearing under these circumstances asks this Court, without first establishing jurisdiction, to allow a decision on the motion to

dismiss to, on an emergency basis, to form the basis for the continuance. The rule is that a "… court cannot proceed at all in any cause [without] jurisdiction…and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed. 210 (1998).

Under this principle, when a motion such as this, to continue a jurisdictional issue, is before a court, it oversteps its jurisdictional boundaries by ruling on a continuance without first determining whether jurisdiction exists. *The Manual for Complex Litigation* endorses this principle, specifically referring to the "remove and stay" situation presented to this Court:

> The transferor court should not automatically stay discovery…Nor should the court automatically postpone rulings on pending motions, or generally suspend further proceedings…[M]atters such as motions to dismiss or to remand, raising issues unique to the particular case, may be particularly appropriate for resolution before the Panel acts on the motion to transfer.

MANUAL FOR COMPLEX LITIGATION (4th ed.), § 20.131; *see also*, *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997) ("[a] district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation"). District courts have held that when jurisdictional issues are in dispute, a motion to remand should be resolved prior to the determination of whether a stay or transfer is appropriate. *See e.g.*, *Smith v. Mail Boxes, Etc.*, 191 F. Supp. 2d 1155, 1157 (E.D. Cal. 2002) (considering jurisdictional issues in remand motion before granting stay pending MDL transfer decision); *Tortola Rest., L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1188-89 (N.D. Cal. 1997) (denying stay motion and addressing merits of motion to

remand, holding that "*motions to remand should be resolved before the panel acts on the motion to transfer*").

The frailty of Defendants' claim is that the basis of the removal is the alleged fraudulent misjoinder of a California plaintiff in a California State case! They argue that to join a California plaintiff is wrong because one of the Defendants, Ben Lipps, does not live in California (a position that Plaintiffs vigorously dispute, and have not alleged in any Complaint). That is a factually intensive issue, which Defendants have never proven, despite the fact it is their burden. Further, the issue of fraudulent misjoinder has not been adopted in the Ninth Circuit, and even in some Circuits recognize the rule, it requires an "egregious" misjoinder. That does not include joining a few out of state plaintiffs who allege injuries resulting from the use of Granuflo.

Nonetheless, Defendants, under the guise of a claimed emergency, ask that this Court ignore the clear lack of diversity jurisdiction in this case (Plaintiffs and Defendant(s) reside in California) and, instead, reward Defendants for abusing the removal process, clogging the District Courts with improperly removed cases, frustrating the implementation of the GranuFlo coordinated proceeding in State Court, and depriving Plaintiffs of the California state court venue to which they are entitled under the law.

A new term of art is emerging to describe the pharmaceutical industry's "remove and continue" strategy aimed at preventing California plaintiffs, and plaintiffs across the country, from remanding cases where no diversity jurisdiction exists: "fraudulent removal."

Other California courts have already seen through this manipulation of the removal process. *See, e.g.*, Wilson, G., et al*., The Future Product Liability In America,* 27 WILLIAM MITCHELL L. REV. 85, 112-13 (2000) ("Generally, MDL transfer has been a black hole [where] remand and trial come only after years of slow-moving pretrial activity."); Resnick, R., *Aggregation, Settlement and Dismay,* 80 CORNELL L. REV. 918,

920 (1995) ("[F]unctionally, MDL transfers often translate into stays that decrease the value of cases by the delay produced.").Where no diversity jurisdiction exists, as in this case, granting Defendant's "Ex Parte to continue remand hearing" for all practical purposes allows a legally unsupported manipulation of whole classes of cases solely for the purpose of delay.

### C. Good Cause Does Not Exist for A Stay

Defendants assert that the stay will serve the interests of judicial economy and consistency of rulings, because the issues are to be addressed by the MDL court. Defendants are incorrect that it is an "emergency" that remand should be continued and/or denied, as both Plaintiffs and Defendants reside in California, thus destroying diversity jurisdiction. Defendants are also incorrect, as the fraudulent misjoinder issue that is present in this case is not before Judge Woodlock, so the MDL court will not be addressing it.

Additionally, Defendants' request to stay the remand hearing before this Court would provide no advantage in the interests of judicial economy or in the elimination of potentially conflicting decisions by this Court and the JPML because this action is not set for hearing by the JPML on March 27th. Consequently, staying the remand hearing would prejudice Plaintiffs, and waste judicial resources, because if Plaintiffs' motion to remand to the state court is ultimately granted- the same way similar motions have been granted in the vast majority of California pharmaceutical actions involving California defendants – the JPML's evaluation of whether transfer to the MDL will be moot, and this Court will not have to postpone remand. Defendants should not be permitted to delay remand at the expense of Plaintiffs' interests in litigating their case.

### III. **CONCLUSION**

For all of the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Ex Parte Application to stay the remand hearing pending the JPML's decision regarding transfer to the MDL.

Dated: February 26, 2014

Respectfully submitted,

/s/ Lowell W. Finson
Lowell W. Finson (SBN 275586)
**PHILLIPS LAW FIRM**
2101 Rosecrans Avenue, Suite 3290
El Segundo, CA 90245
Tel: (877) 480-9142
Fax: (213) 330-0346
lowell@justiceforyou.com

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

☒   I hereby certify that on February 26, 2014, I electronically transmitted the attached document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to CM/ECF registrants.

/s/ Lowell W. Finson